IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 9-21-CV-80800

KATHERYN WINSLOW,

    Plaintiff,

vs.

INDIHEARTANDMIND, INC., and
AYINDE REID,

    Defendant.

_____/

## COMPLAINT

Plaintiff, KATHERYN WINSLOW, hereby files this Complaint for damages against Defendant, INDIHEARTANDMIND INC. ("Employer") and Defendant, AYINDE REID, and states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This controversy concerns Employer and REID's failure to pay minimum wages, unpaid wage claims, retaliation, liquidated damages, unpaid payroll taxes and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 206 and § 215. This is also an action for unpaid wages pursuant to Fla. Stat. §448.10. This is also an action to recover lost wages resulting from Employer's failure to properly classify Plaintiff and pay her wages pursuant to state and federal law.

3. Plaintiff is an individual and resident of Palm Beach County, Florida.

4. Employer is a Florida Corporation authorized to transact business in Florida, with its principal address at 8395 W. Oakland Park Blvd., Suite C, Sunrise, Florida 33351.

5. REID is the CEO/President of Employer and was in charge of Plaintiff's

day-to-day job responsibilities and made the decisions regarding payment of her wages.

6. Plaintiff was required to report directly to REID in connection with the performance of her job duties.

7. This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA") for unpaid wages, pursuant to section 206 and retaliation, pursuant to section 215. The Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8. Defendants failed to pay Plaintiff any wages on one or more weeks during her period of employment with Defendants.

9. Employer has an annual gross sales volume that exceeds the statutory requirements of $500,000.

10. Employer, at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the FLSA.

11. Plaintiff's job duties were such as she herself was individually engaged in commerce.

12. Venue is proper in Palm Beach County, Florida pursuant to Fla. Stat. § 47.011 and the Southern District of Florida as Plaintiff resides in Palm Beach County, the failure to pay occurred in Palm Beach County and all other facts and circumstances giving rise to this claim occurred in Palm Beach County.

## FACTS COMMON TO ALL COUNTS

13. On or about May 3, 2019, Plaintiff accepted employment with Employer to work as a Licensed Mental Health Counselor.

14. As part of her employment, Plaintiff was required to fill out an employment application. A copy of the employment application is attached hereto as **Exhibit "A."**

15. In the application, Employer represents that it is an Equal Opportunity Employer that subscribes to the principles of the Equal Employment Opportunity. *Id*.

16. As a condition of her employment, Plaintiff was required to provide her past employment history and to disclose whether Plaintiff remained employed with the current employer at the time of the application. *Id*.

17. Plaintiff was also required to disclose which position she was applying to fill and explain why she was qualified to fill this position with Defendant's company. *Id*.

18. Plaintiff was thereafter required to complete an Employee Enrollment Form. *See* Employee Enrollment Form, attached hereto as **Exhibit "B."**

19. Employer also required that Plaintiff complete a Direct Deposit Authorization form as part of her onboarding. *See* Direct Deposit Authorization form, attached hereto as **Exhibit "C."**

20. As a condition of Plaintiff's employment, she was required to wear Employer's ID Badge to each job. The badge expressly describes Plaintiff as an "employee." *See* Badge, attached hereto as **Exhibit "D."**

21. Employer presented Plaintiff with an Independent Contractor Agreement. A true and correct copy of the Agreement is attached hereto as **"Exhibit E."**

22. Nevertheless, the clear purpose of this Agreement is Employer's attempt to subvert its obligations to pay the company's share of payroll taxes for its employees.

23. Under this Agreement, any innovations that Plaintiff creates, including worksheets, forms and job-related items, are the exclusive property of Employer. *Id*. at ¶ 5.

24. Additionally, Plaintiff must confirm that she is not subject to a non-compete with

another employer and Plaintiff is subject to a non-compete for six months following her separation from Employer. *Id*. at ¶ 7.

25. The terms of the employment were explicit. Employer would provide Plaintiff with clients. Plaintiff was required to meet with each client for 30-minute sessions, twice a week. *Id.* at p. 5.

26. Plaintiff's job duties also required her to provide one group session each week at each assisted living facility. *Id*.

27. Plaintiff was required to report directly to REID in connection with the performance of her job duties. *Id*.

28. Employer also required Plaintiff to perform any other duties that the Employer reasonably requested of Plaintiff. *Id*.

29. Per the terms of Plaintiff's employment, Defendant agreed to pay Plaintiff $65 an hour on a bi-weekly basis and within 15-days of receipt of Plaintiff's weekly invoice for work performed as an employee of Defendant. *Id*.

30. The Treatment Plan included details directly Plaintiff how she was to perform her job for each client while working for Employer. *Id*.

31. Employer offered Plaintiff health insurance when she began working for Employer but she declined the insurance.

32. Plaintiff was required to bill all services performed using Employer's Medicaid Group Member Authorization number.

33. Plaintiff worked in Employer's Applied Behavioral Analysis ("ABA") division, where she served as an analyst for Employer's incoming and existing clients.

34. Plaintiff did not provide ABA services to any other companies during the time she

was employed by Employer.

35. Plaintiff worked primarily with clients that are described as autistic children with various behavioral issues stemming from their condition. Plaintiff was assigned to assess new clients and periodically reassess each client.

36. Employer provided Plaintiff with a document the Employer calls a Treatment Plan that Plaintiff was required to complete for each client. *See* Treatment Plan form, attached hereto as **Exhibit "F."**

37. Plaintiff's job included assigning Employer's behavioral techs to clients based on the client's needs and the tech's background and experience, as well as availability.

38. Plaintiff also helped to train Employer's behavioral techs and worked with parents on treatments for the clients.

39. By the end of the week, each week, Plaintiff was required to provide Employer with her scheduled for the upcoming week.

40. Plaintiff was also required to provide Employer with the hours worked by the end of each week.

41. In addition to working with clients, Plaintiff was required to work 10 hours a week at the offices, where she would have multiple meetings with the staff and provide training to Employer's staff.

42. Employer provided Plaintiff with a company email, which was kate@indiheartandminds.com.

43. Plaintiff was required to be accessible to Human Resources as well as billing to address any matters HR had with staff and billing issues that would arise.

44. Employer actively participated in Plaintiff's work and exercised control over the

details and manner of Plaintiff's work by directing the method, date and time in which Plaintiff's work was performed.

45. On or around November of 2020, Employer began failing and/or refusing to compensate Plaintiff for the work performed while employed by Employer. To date, Employer has failed to compensate Plaintiff a total of $13,092.00 in back pay wages for work performed for Employer.

46. Additionally, because Employer fraudulently attempted to classify its employees as independent contractors to avoid paying payroll taxes, Plaintiff has incurred approximately $9,000 in tax liability which is actually the responsibility of the Employer.

47. Plaintiff has complained to Employer regarding its failure to pay, has made comments on her social media website regarding the failure to pay and initially filed an action in state court to recover the unpaid wages. The state court matter has been dismissed as Plaintiff has chosen to amend the case to include federal law causes of action to the Complaint and have the matter filed in federal court.

48. In retaliation for exercising these rights, Employer has now retaliated against Plaintiff by paying other employees their back wages but refusing to pay Plaintiff. Employer even expressly stated to Employee that it will not make the outstanding payments owed to her because she is complaining about her unpaid wages. *See* Letter from Employer's counsel, attached hereto as **Exhibit "G."**

49. On February 10, 2021, Plaintiff served Employer with a demand letter, in an attempt to resolve this matter outside of court. *See* Demand Letter, attached hereto as **Exhibit "H."**

50. Instead of disputing the money was owed or making arrangements to make the

payments, Employer admitted it owes Plaintiff the money but referred back to Plaintiff's public complaints about Employer's refusal to pay and threatened Plaintiff with a defamation claim. *See* Response Letter, attached hereto as **Exhibit "I."**

51. Pursuant to Fla. Stat. § 448.08, all of the damages Plaintiff is seeking in this action are considered "wages."

52. All conditions precedent to this action have occurred or have been waived.

## COUNT I – FAIR LABOR STANDARDS ACT
### (Minimum Wages against Employer and Reid)

53. The facts and allegations contained in Paragraphs 1 through 52, above, are restated in their entirety and incorporated by reference into Count I.

54. On one or more weeks from May 3, 2019 through January 2021, Plaintiff worked for Defendants, Employer and Reid, and received no compensation for this work.

55. Employer's failure to property compensate Plaintiff is a violation of the FLSA, pursuant to 29 U.S.C. § 206.

56. Plaintiff has suffered damages as a result of Employer's failure and refusal to pay her the wages she has earned.

57. Employer's failure to pay Plaintiff wages was the result of intentional, willful misconduct. Moreover, Employer lacked a good faith basis for failing to pay Plaintiff the minimum wages required under the FLSA.

58. As a direct and proximate result of Employer's failure to pay Plaintiff the wages she earned, Plaintiff has retained the undersigned counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of attorney's fees and costs pursuant to 29 U.S.C. § 216.

59. REID is the CEO and President of Employer.

60. REID made the decisions regarding payroll, including made the decision not to pay Plaintiff during the relevant periods of time. REID also has the power to hire and fire individuals, including making the decision to hire Plaintiff. As the Agreement states, Plaintiff reported directly to REID and he controlled and supervised Plaintiff's performance of her duties.

61. As a result of the control that was exercised by REID, REID is personally liable for Plaintiff's damages.

WHEREFORE, Plaintiff, KATHERYN WINSLOW, requests this Court to enter final judgment in its favor and against Defendants, INDIHEARTANDMIND, INC., and AYINDE REID for her entitled unpaid wages, attorneys' fees and costs pursuant to 29 U.S.C. § 206, pre- and post-judgment interest, and any further relief this Court deems just and proper.

### COUNT II – FAIR LABOR STANDARDS ACT
(Retaliation against Employer and Reid)

62. The facts and allegations contained in Paragraphs 1 through 52, above, are restated in their entirety and incorporated by reference into Count II.

63. Employer failed to pay Plaintiff the wages that she earned and the Employer owed pursuant to the FLSA.

64. Plaintiff engaged in protected activity, specifically, she complained to Employer, posted a comment on social media and subsequently filed a lawsuit seeking the unpaid wages.

65. As a result of Plaintiff engaging in this protected activity, Employer and Reid retaliated against Plaintiff by failing and refusing to make the outstanding payments. Employer has admitted in email and letters from its counsel that the reason for its continued refusal to make the payments is as a result of Plaintiff's engaging in the protected activity.

66. Plaintiff has suffered damages as a result of Employer's retaliation to Plaintiff's

engaging in protected activity.

67. Employer's retaliation was the result of intentional, willful misconduct.

68. Plaintiff has retained the undersigned counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.

69. REID is the CEO and President of Employer.

70. REID made the decisions regarding payroll, including made the decision not to pay Plaintiff during the relevant periods of time. REID also has the power to hire and fire individuals, including making the decision to hire Plaintiff. As the Agreement states, Plaintiff reported directly to REID and he controlled and supervised Plaintiff's performance of her duties.

71. As a result of the control that was exercised by REID, REID is personally liable for Plaintiff's damages.

WHEREFORE, Plaintiff, KATHERYN WINSLOW, requests this Court to enter final judgment in its favor and against Defendants, INDIHEARTANDMIND, INC., and AYINDE REID all damages suffered by Plaintiff as a result of the retaliation, including all unpaid wages, liquidated damages for the unpaid wages, emotional distress, attorneys' fees and costs pursuant to 29 U.S.C. § 206, pre- and post-judgment interest, and any further relief this Court deems just and proper.

## COUNT III – UNPAID WAGES
### (Fla. Stat. 448.08 – Employer)

72. The facts and allegations contained in Paragraphs 1 through 52, above, are restated in their entirety and incorporated by reference into Count III.

73. This is an action to recover unpaid wages pursuant to Fla. Stat. § 448.08.

74. Plaintiff performed work for Employer from May 3, 2019 through January 2021.

75. During this time period, Employer has failed to pay Plaintiff hours worked by

Employer.

76. Plaintiff has been damaged as a result of Employer's failure to pay Plaintiff the unpaid wages.

77. Plaintiff has retained the undersigned counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.

WHEREFORE, Plaintiff, KATHERYN WINSLOW, requests this Court to enter final judgment in its favor and against Defendants, INDIHEARTANDMIND, INC., and AYINDE REID all unpaid wages, attorneys' fees and costs pursuant to Fla. Stat. § 448.08, pre- and post-judgment interest, and any further relief this Court deems just and proper.

## COUNT IV – BREACH OF CONTRACT
### (Employer)

78. The facts and allegations contained in Paragraphs 1 through 52, above, are restated in their entirety and incorporated by reference into Count IV.

79. This is an action for Breach of Contract to recover unpaid compensation, unpaid tax obligations and attorneys' fees and costs.

80. Plaintiff was at all times relevant to this action an employee of Employer and is a covered employee under Fla. Stat. § 448.101.   In the alternative, Plaintiff was hired by Employer to perform services in accordance with the terms of this Agreement.

81. Defendant misclassified Plaintiff as an independent contractor to avoid paying the employer's portion of employment taxes and payment of benefits employees are entitled to receive.

82. On or about May 3, 2019, Plaintiff entered into an employment agreement with Defendant to be employed as a Licensed Mental Health Counselor.

83. Plaintiff performed work for Defendant from approximately May 3, 2019 through

January of 2021.

84. Per the terms of the Agreement, Plaintiff was to be paid on a bi-weekly basis and within 15-days of receipt of Plaintiff's weekly invoice for work performed for Defendant.

85. On or around November of 2020, Defendant began failing and/or refusing to fully compensate Plaintiff for the work performed while employed by Defendant.

86. Defendant breached the Agreement by failing to pay Plaintiff for compensation due and owing under the Agreement.

87. To date, Defendant has failed and/or refused to provide Plaintiff with the compensation agreed upon in the Agreement, despite a pre-suit demand for payment.

88. Plaintiff has suffered monetary damages as a result of Defendant's breach.

WHEREFORE, Plaintiff, KATHERYN WINSLOW, requests this Court to enter final judgment in its favor and against Defendant, INDIHEARTANDMIND, INC., for her unpaid compensation, attorneys' fees and costs pursuant to Fla. Stat. § 448.08, pre- and post-judgment interest, and any further relief this Court deems just and proper.

## COUNT V – UNJUST ENRICHMENT
### (Employer)

89. The facts and allegations contained in Paragraphs 1 through 52, above, are restated in their entirety and incorporated by reference into Count V.

90. Employer deliberately misclassified Plaintiff to avoid paying payroll taxes for the wages earned by Plaintiff. In doing so, Plaintiff has incurred the costs that Employer is legally obligated to pay.

91. Employer has been unjustly enriched as a result of its misclassification.

92. Plaintiff has suffered damages as a result of the misclassification.

WHEREFORE, Plaintiff, KATHERYN WINSLOW, requests this Court to enter final

judgment in its favor and against Defendant, INDIHEARTANDMIND, INC., for the portion of payroll taxes that Plaintiff was required to pay because of Employer's misclassification, pre- and post-judgment interest, and any further relief this Court deems just and proper.

### JURY DEMAND

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated:   April 30, 2021                                Respectfully submitted,

By:   *s/ Romin N. Currier*
     Romin N. Currier
     Florida Bar No. 566985
     E-Mail:   rcurrier@pincusandcurrier.com
     Pincus & Currier LLP
     1555 Palm Beach Lakes Blvd., Suite 320
     West Palm Beach, FL   33401
     Telephone:   (561) 868-1340
     Facsimile:   (561) 366-1310
     Counsel for Plaintiff