IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

CASE No. 9:21-cv-80800-Matthewman

KATHERYN WINSLOW, individually,
DEBORAH WALLACE GRAHAM,
individually,

      Plaintiffs,

v.

INDIHEARTANDMIND, INC.,
AYINDE REID

      Defendants.
_____/

**DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants, INDIHEARTANDMIND, INC. AND AYINDE REID, through their undersigned counsel, file this Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint [D.E. 35]. In response to the numbered paragraphs of the Second Amended Complaint, the Defendants state:

**PARTIES, JURISDICTION, AND VENUE**

1. Paragraph 1 characterizes this action and no response is required. To the extent it alleges that Plaintiffs have a cause of action against Defendants, Paragraph 1 is denied.

2. Paragraph 2 characterizes this action and no response is required. To the extent it alleges that Plaintiffs have a cause of action against Defendants, Paragraph 2 is denied.

3. Defendants are without knowledge of the allegations in Paragraph 3 regarding Plaintiff, Katheryn Winslow's residence, and on that basis denies them.

4. Defendants are without knowledge of the allegations in Paragraph 4 regarding Plaintiff, Deborah Wallace Graham's residence, and on that basis denies them.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted but Defendants deny that Plaintiffs were employees as defined by the FLSA.

9. Denied.

10. Admitted.

11. Denied.

12. Denied.

13. Defendants admit that venue is proper in this judicial district.

## **FACTS COMMON TO ALL CLAIMS**

14. Denied.

15. Denied.

16. Admitted but deny that it was an employment relationship.

17. Denied.

18. Denied.

19. Admitted but Defendants deny it was an application for employment.

20. Denied.

21. Admitted but Defendants deny it was an application for employment.

22. Defendants admit this was the name of the form but deny that Winslow was an employee.

23. Defendants admit this was the name of the form but deny that Graham was an employee.

24. Admitted.

25. Admitted.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Admitted.

31. Admitted.

32. Denied.

33. Denied.

34. Denied.

35. Defendants admit that Winslow and Graham were both required to complete an I-9 form but deny that Defendants use such forms only for employees.

36. Denied.

37. Denied, as this is not a complete description of Plaintiff's job duties and Defendants deny this was an employment relationship.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Admitted.

43. Admitted.

44. Denied.

CASE No. 9:21-cv-80800-Matthewman

- 4 -

45. Denied.

46. Admitted.

47. Admitted.

48. Admitted.

49. Admitted.

50. Admitted.

51. Admitted.

52. Admitted.

53. Defendants are without knowledge of the allegations in Paragraph 53 and on that basis denies them.

54. Admitted.

55. Denied.

56. Admitted.

57. Admitted.

58. Admitted.

59. Admitted but Defendants deny it was an employment relationship.

60. Admitted.

61. Admitted.

62. Admitted.

63. Admitted.

64. Admitted.

65. Denied.

66. Admitted.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Admitted.

73. Denied.

74. Denied.

75. Admitted but Defendants deny it was an employment relationship.

76. Denied.

77. Denied.

78. Denied.

## COUNT I – FAIR LABOR STANDARDS ACT
### (Winslow – Minimum Wages against Employer and Reid)

79. Defendants incorporate their responses to Paragraphs 1 through 78 as if fully set forth herein.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

In response to the ad damnum clause following Paragraph 87, Defendants deny that Plaintiff is entitled to any of the relief requested.

## COUNT II – FAIR LABOR STANDARDS ACT
**(Winslow – Retaliation against Employer and Reid)**

88. Defendants incorporate their responses to Paragraphs 1 through 78 as if fully set forth herein.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

In response to the ad damnum clause following Paragraph 97, Defendants deny that Plaintiff is entitled to any of the relief requested.

## COUNT III – UNPAID WAGES
**(Winslow – Employer)**

98. Defendants incorporate their responses to Paragraphs 1 through 78 as if fully set forth herein.

99. Denied.

100. Denied on the grounds that it was not an employment relationship.

101. Denied on the grounds that it was not an employment relationship.

102. Denied the grounds that it was not an employment relationship.

103. Defendants are without knowledge of the allegations in Paragraph 103, and on that basis denies them.

In response to the ad damnum clause following Paragraph 103, Defendants deny that Plaintiff is entitled to any of the relief requested.

## COUNT IV – BREACH OF CONTRACT
### (Winslow – Pled in the Alternative to Unpaid Wages)

104. Defendants incorporate their responses to Paragraphs 1 through 78 as if fully set forth herein.

105. Paragraph 105 characterizes this claim and no response is required.

106. Denied on the grounds that it was not an employment relationship.

107. Denied.

108. Admitted.

109. Admitted.

110. Admitted.

111. Denied.

112. Denied.

113. Denied.

In response to the ad damnum clause following Paragraph 113, Defendants deny that Plaintiff is entitled to any of the relief requested.

### COUNT V – FAIR LABOR STANDARDS ACT
### (Graham – Minimum Wages against Employer and Reid)

114.  Defendants incorporate their responses to Paragraphs 1 through 78 as if fully set forth herein.

115.  Denied on the grounds that it was not an employment relationship.

116.  Denied.

117.  Denied.

118.  Denied.

119.  Defendants are without knowledge of the allegations in Paragraph 119, and on that basis denies them.

120.  Admitted.

121.  Denied.

122.  Denied.

In response to the ad damnum clause following Paragraph 122, Defendants deny that Plaintiff is entitled to any of the relief requested.

### COUNT VI – FAIR LABOR STANDARDS ACT
### (Graham – Retaliation against Employer and Reid)

123.  Defendants incorporate their responses to Paragraphs 1 through 78 as if fully set forth herein.

124.  Denied.

125.  Denied.

126.  Denied.

127.  Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

In response to the ad damnum clause following Paragraph 132, Defendants deny that Plaintiff is entitled to any of the relief requested.

### COUNT VII – UNPAID WAGES
### (Graham – Employer)

133. Defendants incorporate their responses to Paragraphs 1 through 78 as if fully set forth herein.

134. Paragraph 134 characterizes this claim and no response is required.

135. Admitted.

136. Denied on the grounds that it was not an employment relationship.

137. Denied.

138. Defendants are without knowledge of the allegations in Paragraph 138, and on that basis denies them.

In response to the ad damnum clause following Paragraph 138, Defendants deny that Plaintiff is entitled to any of the relief requested.

### COUNT VIII – BREACH OF CONTRACT
### (Graham)

139. Defendants incorporate their responses to Paragraphs 1 through 78 as if fully set forth herein.

140. Paragraph 140 characterizes this claim and no response is required

141. Denied on the grounds that it was not an employment relationship.

142. Denied on the grounds that it was not an employment relationship.

143. Admitted.

144. Admitted.

145. Admitted.

146. Denied.

147. Denied.

148. Denied.

In response to the ad damnum clause following Paragraph 148, Defendants deny that Plaintiff is entitled to any of the relief requested.

Defendants deny all allegations not specifically admitted herein.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

Without admitting liability or the burden of proof as to Plaintiffs' allegations, Defendants state their affirmative defenses as follows:

1. Plaintiffs' claims under the FLSA and section 448.08 fail as a matter of law because Plaintiffs were independent contractors, not employees.

2. If Plaintiffs are deemed to be employees, Defendants' misclassification of Plaintiffs was in good faith and not willful.

3. Even if Plaintiffs are able to prove that they were retaliated against, which Defendants expressly deny, the same actions would have been taken even absent such motivation and, therefore, Plaintiffs' claims for retaliation against Defendants must fail.

Defendant reserves the right to assert additional affirmative defenses that may be revealed through discovery.

CASE No. 9:21-cv-80800-Matthewman

*/s/ Richard D. Tuschman*
Richard D. Tuschman, Esq.
Florida Bar No. 907480
E-mail: rtuschman@gtemploymentlawyers.com
E-mail: assistant@gtemploymentlawyers.com
**RICHARD D. TUSCHMAN, P.A.**
12555 Orange Drive, 2nd Floor
Davie, Florida 33330
Telephone: (954) 369-1050
Facsimile: (954) 380-8938

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 4, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**/s/ Richard D. Tuschman**
Richard D. Tuschman, Esq.

## SERVICE LIST

Romin N. Currier, Esq.
Florida Bar No. 566985
rcurrier@pincusandcurrier.com
tstevenson@pincusandcurrier.com
**PINCUS & CURRIER LLP**
1555 Palm Beach Lakes Blvd., Suite 320
West Palm Beach, FL 33401
Telephone: (561) 868-1340
Facsimile: (561) 366-1310

*Attorney for Plaintiffs*