UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 21-cv-80800-MATTHEWMAN

KATHERYN WINSLOW,
individually, DEBORAH WALLACE
GRAHAM, individually,

    Plaintiffs,

vs.

INDIHEARTANDMIND, INC., et al.,

    Defendant.
_____/

FILED BY  KJZ  D.C.
Dec 30, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER GRANTING PLAINTIFFS, KATHERYN WINSLOW AND DEBORAH WALLACE GRAHAM'S MOTION FOR SANCTIONS [DE 64]

**THIS CAUSE** is before the Court upon Plaintiffs, Katheryn Winslow and Deborah Wallace Graham's ("Plaintiffs") Motion for Sanctions ("Motion") [DE 64]. After the Motion was filed, the Court issued a Paperless Order to Show Cause. [DE 65]. Defendants Ayinde Reid and Indiheartandmind, Inc., filed a response [DE 68], and Plaintiffs filed a reply [DE 70]. After reviewing the entire docket and the response [DE 68] and reply [DE 70], the Court became concerned that misrepresentations were being made to the Court and entered an Order setting an in-court evidentiary hearing to address these matters. [DE 71]. On December 29, 2021, the Court held an in-court evidentiary hearing on the issues raised in the Motion, response, and reply, as well as the issues stated in the Court's Order [DE 71], took testimony under oath, admitted certain exhibits, and made oral findings and rulings at the conclusion of that hearing. This Order memorializes and amplifies those oral findings and rulings.

### I.      BACKGROUND

1

On November 4, 2021, Richard David Tuschman, Esq., counsel for both Defendants, moved to withdraw due to irreconcilable differences. [DE 52]. On November 5, 2021, the Court entered an Order granting the motion to withdraw [DE 54]. The Order explicitly stated that Defendant Ayinde Reid was required to sit for his previously scheduled December 2021 deposition and that he was required to either promptly retain counsel or promptly respond himself to Plaintiffs' discovery requests propounded on September 29, 2021. *Id.* The Order also stated that the parties should assume that the corporate representative depositions scheduled for December 2021 were going forward and to prepare for them accordingly. *Id.* Thereafter, on November 10, 2021, Michael D.P. Phillips, Esq., made an appearance on behalf of both Defendants. [DE 56].

On November 15, 2021, Plaintiffs filed motions to compel answers to interrogatories and responses to requests for production. [DEs 57, 58]. On November 16, 2021, the Court ordered that Defendants respond to the motions to compel by November 19, 2021. [DE 59]. Defendants failed to file a response in compliance with that Court Order. On November 22, 2021, after no response had been timely filed, the Court granted the motions to compel by default and on the merits. [DE 60]. Pursuant to the November 22nd Order, Defendants' discovery responses were due by December 1, 2021. *Id.* The Court also ordered that Defendants' counsel confer with Plaintiffs' counsel about the language of a confidentiality order by November 29, 2021. *Id.* The Court reserved ruling on the imposition of an award of attorney's fees and costs. *Id.*

On November 23, 2021, Plaintiffs moved to compel the Florida Department of Revenue to produce records. [DE 61]. On November 29, 2021, the Court entered an Order requiring Defendants to file an expedited response to that discovery motion by December 3, 2021. [DE 62]. Defendants failed to file a response in compliance with that Court Order. On December 2, 2021, Plaintiffs filed a notice stating that their counsel had been unable to confer with Defendants'

2

counsel regarding the confidentiality order and that no discovery responses had been provided by Defendants. [DE 63]. They also noted that the Florida Bar had suspended the law license of Mr. Phillips' law partner, Maurice Hinton, and that Plaintiffs' counsel could not reach Mr. Phillips.

On December 3, 2021, Plaintiffs filed the pending Motion for Sanctions [DE 64]. On December 3, 2021, the Court entered a Paperless Order to Show Cause [DE 65] regarding the Motion for Sanctions. On December 6, 2021, the Court granted the motion to compel the Florida Department of Revenue to produce documents by default after no response was timely filed by Defendants, and the Court also granted the motion on the merits. [DE 66].

On December 10, 2021, Plaintiffs filed a Notice [DE 67] stating that, at 8:25 pm on December 9, 2021, attorney Maurice Hinton emailed Plaintiffs' counsel to report that Defendant Ayinde was not available for his December 10, 2021 deposition. According to the Notice, on the night before the long-scheduled deposition of Defendant Ayinde, Mr. Hinton, an apparent law partner of Defendants' counsel, Mr. Phillips, emailed Plaintiffs' counsel to cancel the deposition. Plaintiffs further explained that the deposition date had been agreed to by Plaintiffs' prior counsel and had been noticed in October 2021. *Id.*

On December 13, 2021, Defendants' counsel, Mr. Phillips, filed a response to the Paperless Order to Show Cause and to the Motion for Sanctions. [DE 68]. The perfunctory and terse three-line response simply stated that "undersigned counsel served discovery responses on or about November 12, 2021," "[u]ndersigned counsel has made every attempt to meet the deadlines set by this court," and "[b]ased on the foregoing, sanctions are not appropriate in this case." *Id.* On December 14, 2021, Plaintiffs filed a reply to this response. [DE 70]. Plaintiffs' counsel represented that, as of December 14, 2021, they had never received responses to discovery that was served in September 2021, no depositions had taken place and the discovery deadline – which

3

was already pushed back once – is January 10, 2022 with a special set trial date of April 11, 2022. [DE 70]. In effect, Defendants' counsel, Mr. Phillips, stated that he had produced discovery on November 12, 2021 and had made every effort to comply with the Court's deadlines, and Plaintiffs' counsel, Mr. Currier, said that was not true. At that point, the Court became very concerned about the conflicting representations of counsel and whether any counsel were making misrepresentations to this Court.

Therefore, on December 14, 2021, the Court entered an Order Setting In-Court Evidentiary Hearing and Requiring the Personal Appearance of Counsel for the Plaintiffs and Counsel for the Defendants. [DE 71]. The Court explained that it was "extremely frustrated and troubled by the dilatory conduct of Defendants and their counsel, Michael Phillips, Esq., during the discovery process in this case." *Id.* at 1. The Court further stated that it appeared that "either Plaintiffs' counsel or Defendants' counsel is making affirmative misrepresentations to this Court regarding conferral efforts, discovery production, and compliance with Court Orders. The Court intends to get to the bottom of the conflicting representations of counsel at an evidentiary hearing." *Id.* at 2. The Order further required the presence of both Romin N. Currier, Esq., Plaintiffs' counsel, and Michael D.P. Phillips, Esq., Defendants' counsel at the hearing. *Id.* Finally, it required that witness and exhibits lists be filed by the parties by December 27, 2021. *Id.* at 3. The Court specifically put Defendants and their counsel on notice that "failure to comply with this Order shall subject Defendant and Defendant's counsel to additional sanctions, including a finding of contempt of Court, an award of attorney's fees and costs, the striking of Defendants' pleadings, the entry of a default judgment against Defendants, and/or any other sanctions authorized by Federal Rule of Civil Procedure 37(b)(2)(A)-(E), the Court's inherent authority, and all other applicable rules or law." *Id.*

4

Plaintiffs timely filed their exhibit and witness lists on December 27, 2021, as required. [DE 72]. Defendants failed to file anything. As of December 27, 2021, Defendants and their counsel violated the Court's Order to the extent they failed to file a witness list and exhibit list with exhibits.

## II. THE DECEMBER 29, 2021 EVIDENTIARY HEARING

On December 29, 2021, Romin Currier, Esq., and William Pincus, Esq., appeared at the in-person hearing on behalf of Plaintiffs. Defendants' counsel, Michael D.P. Phillips, Esq., failed to appear at the hearing as ordered. No counsel attended the hearing on behalf of Defendants, and Defendants themselves did not attend. This was another violation of the Court's Order, as the Court had specifically ordered Mr. Phillips to appear at the in-person evidentiary hearing and he failed to do so.

The Court admitted Plaintiffs' Exhibits A-L [DEs 72-1-12] into evidence. Additionally, Mr. Currier testified under oath. Mr. Currier testified as follows.[1]

He has had great difficulties scheduling the depositions of Defendants and obtaining discovery responses from them. He never received the court-ordered responses to interrogatories or requests for production and even searched his spam folder and other folders and filters, as well as the email boxes of his secretaries, to ensure that he did not somehow miss the discovery responses. Mr. Phillips has never called or emailed Mr. Currier, and they have had zero interaction regarding this case, despite Mr. Currier's repeated efforts to meet and confer with Mr. Phillips. Mr. Currier and/or his office emailed Mr. Phillips on November 10 [DE 72-3], November 11 [DE 72-4], November 15 [DE 72-5], November 23 [DE 72-6], November 29 [DE 72-7], and December

---

[1] A court reporter was present for the hearing, but no transcript of the hearing has yet been prepared. The narrative contained herein is a summary of testimony as recalled by the Court.

5

2, 2021 [DE 72-8]. Mr. Phillips never responded. Mr. Currier also called Mr. Phillips on November 15, 2021, and on other occasions. However, the calls went to voicemail, and Mr. Phillips' voicemail was not set up. Mr. Currier was finally able to leave a message on Mr. Phillips' voicemail on one occasion, but he still never received a return call. Mr. Currier researched Mr. Phillips on the Florida Bar website and determined that the email address and phone number on the docket in this case is the same as those listed on the website. [DE 72-12]. In effect, Mr. Currier made numerous good faith efforts to confer with Mr. Phillips in an effort to resolve the various discovery disputes, but Mr. Phillips failed and refused to confer or communicate with Mr. Currier and failed to produce the discovery ordered by this Court.

According to Mr. Currier, Mr. Phillips' law partner, Maurice Hinton, Esq., had his law license suspended by the Florida Bar. However, on December 9, 2021, at 8:25 p.m., while suspended from The Florida Bar, Mr. Hinton emailed Mr. Currier, stating that "[w]e apologize for such late notice, however, attorney Michael Phillips had a scheduling conflict and will not be able to attend the deposition tomorrow. We would appreciate if the deposition can be rescheduled on the day of the corporate representative." [DE 72-9]. Mr. Currier responded to the email [DE 72-10] but received no reply. Defendant Reid's December 10th deposition had been coordinated with Defendants' prior counsel and had been noticed on October 18, 2021. Additionally, the Court's November 5, 2021 Order [DE 54] had required that the deposition proceed. However, because of the email from Mr. Hinton, sent on behalf of Mr. Phillips, and because of the failure of Defendants to produce the required discovery, the deposition was frustrated and not held.

Mr. Currier further testified that he emailed Defendant Reid on November 5, 2021, while Defendant Reid was not represented by any counsel, attaching a copy of the Order on the motion to withdraw, reminding Defendant Reid that he was still required to respond to discovery, and

reminding him about the December 2021 depositions. [DE 72-2]. On December 14, 2021, at 10:29 p.m., Defendant Reid emailed Mr. Currier and copied Mr. Hinton and Mr. Phillips, stating "we are writing to request an extension for tomorrow's deposition as we have not received recent communication or preparation from our attorney. We don't believe we can show up without proper representation." [DE 72-11]. The corporate representative depositions were scheduled for December 15 and 17, 2021. The Court's November 5, 2021 Order [DE 54] had required that the depositions proceed. No depositions have been taken at this point. Defendants have not served any discovery in this case. The discovery cutoff date is January 10, 2022, and trial is specially set for the week of April 11, 2022.

Finally, Mr. Currier stated that the representations made by Mr. Phillips in his written response on December 13, 2021 [DE 68] were not truthful. Mr. Phillips did not serve discovery responses on or about November 12, 2021, and he has not made every attempt to meet the deadlines set by this Court. In fact, according to Mr. Currier, Mr. Phillips never produced any discovery and never even contacted him in an effort to address any of the numerous discovery issues that have arisen in this case.

The Court found Mr. Currier to be a credible witness and the Court credits his testimony, which is supported by the numerous exhibits which were admitted at the evidentiary hearing, as well as the entire docket in this case.

### III.     RELEVANT LAW

Federal Rule of Civil Procedure 37(b)(2)(A) states in part that, if a party "fails to obey an order to provide or permit discovery," the court where the action is pending "may issue further orders." Fed. R. Civ. P. 37. These orders may include the following: directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action,

as the prevailing party claims; prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; staying further proceedings until the order is obeyed; rendering a default judgment against the disobedient party; or treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. Fed. R. Civ. P. 37(b)(2)(A)(i-vii). These sanctions "are intended to 1) compensate the court and parties for the added expenses caused by discovery abuses, 2) compel discovery, 3) deter others from engaging in similar conduct, and 4) penalize the offending party or attorney." *Wouters v. Martin County.*, 9 F.3d 924, 933 (11th Cir. 1993).

"The decision to dismiss a claim or enter default judgment 'ought to be a last resort—ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders.'" *United States v. Certain Real Prop. Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1317 (11th Cir. 1997) (quoting *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir. 1986)). A district court's imposition of sanctions is reviewed for abuse of discretion. *United States v. Twenty-Nine Pre-Columbian & Colonial Artifacts from Peru*, 695 F. App'x 461, 466–68 (11th Cir. 2017) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). "Before a district court imposes the sanction of default judgment, the court must find a willful or bad faith failure to comply with its discovery orders." *Thornton v. Hosp. Mgmt. Assocs., Inc.*, 787 F. App'x 634, 638 (11th Cir. 2019) (citing *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993)). However, a court is not required to first impose lesser sanctions if those sanctions would be ineffective. *Id.*

"While a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Surtain*

*v. Hamlin Terrace Found.,* 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam) (citation and alterations omitted). Entry of default judgment is thus only permitted when there is "a sufficient basis in the pleadings for the judgment entered." *Id.* In determining whether the pleadings stated a valid claim, courts are required to apply the same analysis used to evaluate Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *Id.* A district court is within its discretion to impose default judgment as a sanction so long as the court "(1) followed the proper procedure before entering the default judgment; (2) determined [the defendant's] actions were willful and in bad faith; (3) found that a sanction of default was necessary; and (4) determined that [the plaintiff's] complaint sufficiently stated a claim for relief." *Thornton*, 787 F. App'x at 639.

The Court can also impose sanctions pursuant to the Court's inherent power. The Court's inherent power is derived from the Court's need "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (internal citations and quotation marks omitted). Courts have long been recognized as having certain implied powers that are "necessary to the exercise of all others." *Id.* at 43 (citing *United States v. Hudson*, 7 Cranch 32, 34, 3 L.Ed. 259 (1812); *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980)). These powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers*, 501 U.S. at 43 (quoting *Link v. Wabash R. Co.,* 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). A court's "inherent power extends to a full range of litigation abuses" and "must continue to exist to fill in the interstices." *Id*. at 46.

A federal court possesses the inherent power to impose sanctions when there has been willful misconduct. *Chambers,* 501 U.S. at 43. To exercise its inherent power to impose sanctions,

a court must find that the party acted in bad faith. *McDonald v. Cooper Tire & Rubber Co.*, 186 Fed. Appx. 930, 931 (11th Cir. 2006); *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002); *see also Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1320 (11th Cir. 2002) (noting that "before a court can impose sanctions against a lawyer under its inherent power, it must find that the lawyer's conduct constituted or was tantamount to bad faith.") (citation and quotations marks omitted).

Among the most severe sanctions that a court can impose pursuant to its inherent powers is entry of a default judgment against the disobeying party. *Unum Life Ins. Co. of Am. v. Biscotti*, No. 18-CV-63048, 2021 WL 311037, at *3 (S.D. Fla. Jan. 11, 2021), *report and recommendation adopted,* No. 18-63048-CIV, 2021 WL 309129 (S.D. Fla. Jan. 29, 2021); *Mediware Info. Sys., Inc. v. Hematerra Techs., LLC*, No. 3:13-CV-103-J-JRK, 2016 WL 4925166, at *3 (M.D. Fla. Sept. 1, 2016) (citing *Sprint Sols., Inc. v. Fils-Amie*, 83 F. Supp. 3d 1290, 1295 (S.D. Fla. 2015)); *see also Malautea*, 987 F.2d at 1542; *accord Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (permitting *sua sponte* exercise of court's inherent power to dismiss case). "Courts considering whether to impose sanctions under their inherent power should look for disobedience and be guided by the purpose of vindicating judicial authority." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1224-25 (11th Cir. 2017). Thus, "[w]hen ordering a sanction of default judgment, the Court should find by clear and convincing evidence that (1) a defendant acted in bad faith, (2) the plaintiff was prejudiced by this conduct, and (3) lesser sanctions would not adequately serve the goals of punishment and deterrence." *Sprint Sols., Inc.*, 83 F. Supp. 3d at 1295 (citation omitted).

### IV.   ANALYSIS AND DISCUSSION

As stated previously, the Court finds Mr. Currier's testimony at the December 29, 2021

evidentiary hearing to be truthful and credible. The Court also finds that neither Mr. Currier nor Plaintiffs have done anything improper in this case. In fact, the Court finds that Mr. Currier made substantial, good faith efforts to meet and confer with Defendants' counsel, but that Defendants and Defendants' counsel obstructed and impeded discovery at every point.

On the other hand, the behavior of Mr. Phillips and Defendants has been improper, dilatory and obstructionist. First, Mr. Phillips has made two false and untruthful misrepresentations to the Court. *See* DE 68. The first false and untruthful misrepresentation made to the Court by Mr. Phillips was that he had served discovery responses on or about November 12, 2021, when in truth and in fact, he had not. The record is crystal clear that Mr. Phillips never served discovery responses on Plaintiffs' counsel, despite Mr. Phillips' false misrepresentation to the contrary. The second false and untruthful misrepresentation made to the Court by Mr. Phillips was that he has made every attempt to meet the deadlines set by this Court, when in truth and in fact, he has not. The record in this case is crystal clear that Mr. Phillips made absolutely no efforts to meet the deadlines set by the Court, the Federal Rules of Civil Procedure, and the Local Rules, despite Mr. Phillips false misrepresentation to the contrary.

Second, Mr. Phillips and Defendants have completely shirked their discovery obligations. Defendants have provided no discovery responses or documents and have unilaterally cancelled three depositions. Defendants and Mr. Phillips have been dilatory, evasive and obstructionist in their discovery conduct in this case.

Third, Defendants and Mr. Phillips have contemptuously ignored and failed to abide by several Court Orders [DEs 54, 59, 60, 62]. At this point, it is clear to this Court that any further orders issued by this Court will continue to be ignored by Mr. Phillips and Defendants, and therefore any further orders requiring discovery compliance would be futile.

11

Fourth, Mr. Phillips failed to file witness and exhibit lists as ordered, and he also failed to appear at the December 29, 2021 evidentiary hearing as ordered. This is a direct violation of a Court Order by Mr. Phillips which this Court simply cannot tolerate. Moreover, the evidentiary hearing was scheduled in part to determine whether *any* counsel had made misrepresentations to the Court, and to give Mr. Phillips an opportunity to rebut the allegations made by Plaintiffs' counsel against him and Defendants. [DE 71]. This obstructionist and dilatory behavior by Mr. Phillips and Defendants has caused an utter waste of scarce judicial resources and has stymied and frustrated Plaintiffs' prosecution of their case. This behavior has also caused this Court to unnecessarily divert substantial scarce judicial resources to this case at a time when this Court is extremely busy and attempting to deal with a very heavy docket during the COVID-19 pandemic.

Plaintiffs are seeking the following sanctions: the striking of Defendants' pleadings, entry of a liability default judgment against Defendants, and the imposition of an award of attorney's fees and costs against Defendants and Mr. Phillips and in favor of Plaintiffs. The Court finds that all of the requested sanctions are appropriate and necessary at this time.

The Court has been frustrated and hindered by the conduct of Defendants and their counsel, Mr. Phillips, and said conduct has clearly wasted limited judicial resources. The conduct of Defendants and Mr. Phillips has also caused additional and unnecessary expense to Plaintiffs in their prosecution of this case. The Court took an initial step of compelling discovery responses, but to no avail. Defendants and Mr. Phillips simply ignored the Court's Order [DE 60]. The Court has been patient and has entered several Orders in an effort to get Defendants and Mr. Phillips to comply with their discovery obligations, all to no avail. The Court ordered Mr. Phillips to confer with Mr. Currier on a confidentiality order [DE 59] and Mr. Phillips failed to do so. The Court ordered Mr. Phillips to attend the evidentiary hearing and file witness and exhibit lists in advance

[DE 71] and he failed to do so. The discovery ordered to be produced has not been produced and depositions have been stymied by Defendants and Mr. Phillips. The Court does not lightly enter the sanctions imposed herein, but unfortunately this Court has no other option in light of Defendants' and Mr. Phillips' repeated failures to comply with the Court's Orders, failure to produce discovery, and failure to maintain and attend the deposition schedule. The entry of a default judgment is also necessary and required in this case to deter others from engaging in similar conduct and to penalize the offending parties and their counsel. The testimony, evidence, and docket establish a willful, bad-faith failure to comply with Court Orders by both Defendants and their counsel, Mr. Phillips. Defendants and their counsel failed to respond to any discovery whatsoever and have unilaterally cancelled three depositions. It is also clear based on the evidence before the Court that Defendant Reid was aware of his discovery obligations and ignored them. The misconduct of Mr. Phillips and Defendants have left this Court with no option other than to enter the sanctions imposed in this Order.

Furthermore, the Court finds that the Second Amended Complaint [DE 35] was well-pled through the lens of Federal Rule of Civil Procedure 12(b)(6), and there is a sufficient basis in the pleadings for entry of a default judgment. In this regard, Defendants opted to file an Answer [DE 44] to the Second Amended Complaint, thereby waiving any argument that the Second Amended Complaint is deficient.

In sum, the Court finds that the actions of Defendants and their counsel, Mr. Phillips, were obstructionist, willful and in bad faith, that a sanction of the striking of Defendants' pleadings and entry of a default judgment is necessary and appropriate, and that Plaintiffs' Second Amended Complaint sufficiently states a claim for relief. The Court also explicitly finds by clear and convincing evidence that Defendants and their counsel, Mr. Phillips, acted in bad faith, that

13

Plaintiffs were prejudiced by this conduct, and that lesser sanctions would not sufficiently serve the goals of punishment and deterrence. Thus, pursuant to both Federal Rule of Civil Procedure 37 and the inherent authority of the Court, the Court hereby strikes Defendants' pleadings, and the Court shall enter a default judgment against Defendants by separate order.

Additionally, the Court finds it appropriate under the facts and law to impose an award of attorney's fees and costs against both Defendants and Mr. Phillips based upon the discovery misconduct and violation of Court Orders. While Plaintiffs are entitled to an award of attorney's fees and costs against solely Defendants under the FLSA as the prevailing parties, the Court also finds that Plaintiffs are entitled to an award of attorney's fees and costs against both Defendants and Mr. Phillips, jointly and severally, for the reasonable attorney hours spent researching and drafting the motions to compel [DEs 57, 58], drafting the notices [DEs 63, 67], researching and drafting the Motion for Sanctions [DE 64], researching and drafting the reply [DE 70], drafting the witness and exhibit lists [DE 72], and attending the December 29, 2021 hearing.

Finally, the Court is also troubled by the behavior of attorney Maurice DeShawn Hinton, Esq., in this case. A review of The Florida Bar website shows that Mr. Hinton's law license is currently suspended and has been continuously suspended by the February 16, 2021 order of the Supreme Court of Florida.[2]  However, on December 9, 2021, while Mr. Hinton's law license was suspended, he took a role in this case by emailing Mr. Currier on behalf of Mr. Phillips and Defendants to cancel a deposition set in this federal civil case [DE 67-2]. Mr. Hinton, who apparently was a law partner of Mr. Phillips, and who never filed a notice of appearance in this case, nonetheless frustrated the taking of that deposition and advocated for Defendants regarding

---

[2] *See Documents for Disciplinary Action, Maurice DeShawn Hinton*, The Florida Bar, https://www.floridabar.org/public/acap/disc-docs/?icn=202150310&member=26215 (last visited Dec. 30, 2021).

the scheduled deposition while a suspended member of The Florida Bar. Given Mr. Hinton's apparent unauthorized practice of law while suspended, and given Mr. Phillips' false misrepresentations to the Court, violations of Court Orders and obstructionist and dilatory discovery behavior, which is detailed above, the Court will refer both Maurice DeShawn Hinton, Esq., and Michael D.P. Phillips, Esq., to The Florida Bar for its consideration, review and determination as to whether any disciplinary action is appropriate against either or both attorneys.

## V.   CONCLUSION

Based upon the foregoing, the Court hereby **ORDERS** as follows:

1. The Plaintiffs' Motion [DE 64] is **GRANTED**.

2. Defendants' pleadings are hereby **STRICKEN**.

3. The Court shall enter a Default Judgment against Defendants Indiheartandmind, Inc., and Ayinde Reid by separate order.

4. The Court shall enter an award of attorney's fees and costs against Defendants Indiheartandmind, Inc., and Ayinde Reid and Mr. Phillips, jointly and severally, by separate order. This award will be independent from any award entered pursuant to the FLSA, although Plaintiffs cannot seek duplicative fees against Defendants.

5. On or before **January 5, 2022**, Plaintiffs shall file a detailed memorandum and affidavit establishing the amount of damages claimed and shall attach any supporting documentation, as well as a proposed final default judgment.

6. In regard to the award of attorney's fees and costs to be awarded against Defendants and Mr. Hinton for their discovery misconduct as detailed above, Plaintiffs shall also file by **January 5, 2022** a memorandum and affidavit detailing the attorney's fees and

costs incurred by Plaintiffs on the discovery disputes as discussed above, establishing the reasonable attorney time incurred, the reasonable hourly rate, and any specific costs or expenses incurred as set forth above.

7. Plaintiffs may also separately file a motion for attorney's fees and costs under the FLSA in compliance with the statute and the Local Rules.

## VI.  JUDICIAL REFERRAL TO THE FLORIDA BAR

The Court hereby makes this Judicial Referral to The Florida Bar of attorney misconduct by attorneys Maurice DeShawn Hinton, Esq., and Michael D. P. Phillips, Esq., for The Florida Bar's consideration, review, and determination as to whether any disciplinary action is appropriate against either or both attorneys, in light of the findings and rulings made in this Order. A copy of this Order shall forthwith be forwarded to The Florida Bar.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of December, 2021.

WILLIAM MATTHEWMAN
United States Magistrate Judge