UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 21-cv-80800-MATTHEWMAN

KATHERYN WINSLOW,
individually, DEBORAH WALLACE
GRAHAM, individually,

    Plaintiffs,

vs.

INDIHEARTANDMIND, INC., et al.,

    Defendants.
_____/

FILED BY KJZ D.C.

Feb 11, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**ORDER ON PLAINTIFFS' VERIFIED MOTION TO TAX ATTORNEY'S FEES AND COSTS [DE 80]**

THIS CAUSE is before the Court upon Plaintiffs, Katheryn Winslow and Deborah Wallace Grahams's ("Plaintiffs") Verified Motion to Tax Attorney's Fees and Costs ("Motion") [DE 80]. No timely response was filed by Defendants Indiheartandmind, Inc. and Ayinde Reid ("Defendants"). The Court has carefully reviewed the Motion, the attachments thereto, and the Court's prior Orders, as well the entire docket in this case.

**I.  BACKGROUND**

On December 30, 2021, the Court entered an Order Granting Plaintiffs' Motion for Sanctions [DE 74]. In that Order, the Court ruled in relevant part that it was appropriate under the facts and law to

> impose an award of attorney's fees and costs against both Defendants and Mr. Phillips based upon the discovery misconduct and violation of Court Orders. While Plaintiffs are entitled to an award of attorney's fees and costs against solely Defendants under the FLSA as the prevailing parties, the Court also finds that Plaintiffs are entitled to an award of attorney's fees and costs against both Defendants and Mr. Phillips, jointly and severally, for the reasonable attorney hours spent researching and drafting the motions to compel [DEs 57, 58], drafting

>the notices [DEs 63, 67], researching and drafting the Motion for Sanctions [DE 64], researching and drafting the reply [DE 70], drafting the witness and exhibit lists [DE 72], and attending the December 29, 2021 hearing.

*Id.* at 14. The Order stated that the Court would "enter an award of attorney's fees and costs against Defendants Indiheartandmind, Inc., and Ayinde Reid and Mr. Phillips, jointly and severally, by separate order. This award will be independent from any award entered pursuant to the FLSA, although Plaintiffs cannot seek duplicative fees against Defendants." *Id.* at 15.

On January 7, 2022, the Court entered an Order Awarding Attorney's Fees to Plaintiffs and Against Defendant and Their Counsel [DE 77]. The Court also ordered a Final Judgment in the amount of $10,900 in attorney's fees. [DE 78]. On January 10, 2022, the Court entered Final Default Judgment [DE 79] in favor of Plaintiffs and against Defendants. The pending Motion was filed on January 27, 2022.

Given the facts of this case, Plaintiffs are clearly the prevailing parties. Thus, the Court now turns to determination of a reasonable attorney's fee award, followed by a determination of a reasonable costs award.

**II.     CALCULATION OF THE ATTORNEY'S FEE AWARD TO PLAINTIFFS**

A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained by the attorney. *See Barnes*, 168 F.3d at 427 (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n. 2 (citation omitted).

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427. The Court may use its own experience in assessing the reasonableness of attorney's fees. *Norman*, 836 F.2d at 1299.

With regard to the type of evidence that the fee claimant should produce in support of a claim, in *Barnes*, the Eleventh Circuit has stated,

> The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id.* (citations omitted).

168 F.3d at 427.

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective*

*of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301 (emphasis in original)). The burden rests on the movant to submit a request for fees that will enable the court to determine how much time was reasonably expended. *Loranger*, 10 F.3d at 782.

A. Counsel's Hourly Rate

The Court has already found Romin N. Currier, Esq.'s hourly rate of $400 to be reasonable and William H. Pincus, Esq.'s hourly rate of $450 to be reasonable and again finds both rates to be reasonable based upon the record evidence, the docket, and the Court's own experience in assessing the reasonableness of attorney's fees. *See* DE 77 at 3-4.

Next, it appears that an attorney named Josh Payne, Esq., billed at a rate of $300 per hour in this case. The Court notes that Plaintiffs have provided no evidence about Mr. Payne's qualifications and no argument about why Mr. Payne's rate of $300 per hour is reasonable. In fact, Plaintiffs did not even mention Mr. Payne in their Motion. The Florida Bar website indicates that Mr. Payne graduated from law school in 1997 and was admitted to the Florida Bar the same year.

Based upon the Court's own experience in assessing the reasonableness of attorney's fees, the Court finds that a rate of $300 per hour is reasonable for Mr. Payne, an attorney with 25 years of legal experience. *See, e.g.*, *Pena v. DSM Logistics Corp V*, No. 20-CV-62216, 2021 WL 3115915, at *2 (S.D. Fla. June 29, 2021), *report and recommendation adopted,* No. 20-62216, 2021 WL 3113057 (S.D. Fla. July 22, 2021) (finding that $375 per hour is a reasonable rate for an attorney with 27 years of experience); *see also Tissone v. Osco Food Servs., LLC*, No. 19-CV-61358, 2021 WL 870526, at *2 (S.D. Fla. Mar. 9, 2021) (finding that $350 per hour is a

reasonable rate in a FLSA default judgment case). The Court also points out that Defendants have not objected to the rate sought and have therefore waived any objections.

### B. Number of Hours Reasonably Expended

Next the Court must determine whether the hours billed were reasonable. Plaintiffs claim that their counsel spent 175.8 hours during the course of this litigation. [DE 80 at 2-3]. They also state that their counsel has "reviewed all bills prior to submission of Plaintiffs' claim for attorney's fees and costs and reduced the attorney's fees and costs where appropriate." *Id.* at 3. Plaintiffs explain the procedural history of the case and why the hours spent were reasonable. *Id.* at 4-8. They further assert that the attorney's fees previously awarded to Plaintiffs by the Court "have been excluded from the Motion for Attorney's Fees and Costs sought in this Motion." *Id.* at 7.

The Court has carefully reviewed the billing records. [DE 80-5]. First, it appears that the attorneys in this case performed some duplicative work. The Eleventh Circuit recognizes that "[t]here is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Norman*, 836 F.2d at 1302 (citing *Johnson v. Univ. Coll. of Univ. of Alabama in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983)). To recover time for multiple attorneys, the fee applicant bears the burden of showing that the time spent by those attorneys reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation. *Barnes*, 168 F.3d 423; *see also Lee v. Krystal Co.*, 918 F. Supp. 2d 1261, 1270 (S.D. Ala. 2013) ("With so many cooks making the broth, the need for internal conferences to keep everyone on the same recipe rises dramatically

and undermines the reasonableness of those billings."). "Excessive, redundant, or otherwise unnecessary hours should be excluded from the amount claimed." *Heron Dev. Corp. v. Vacation Tours, Inc.*, No. 16-20683-CIV, 2019 WL 4694147, at *4 (S.D. Fla. Aug. 27, 2019) (citing *Norman*, 836 F.2d at 1301). Here, Plaintiffs have not shown that the tasks performed by the three different attorneys always reflect distinctive contributions to the case. Additionally, Mr. Payne, Mr. Currier and Mr. Pincus billed for internal conferences with one another, which is improper.

Second, the Court finds that finds that some of the time billed by the attorneys was excessive. For example, any time that Mr. Currier corresponded with his client or opposing counsel, he billed a minimum of 0.2 hours.

Third, the attorneys also employed some block billing. For example, an April 30, 2021 billing entry states "assess dismissal of state law action on case moving forward; prepare notice of dismissal of state law action; finalize; file with court." [DE 80-5 at 3]. A June 17, 2021 billing entry states, "begin calculating the damages based upon the bank statements and time records obtained; correspond with client re: same; draft the statement of claim, finalize and file with court." *Id.* at 5. Block billing is impermissible because it prevents the Court from determining which portion of the fees billed on a particular date is recoverable and which is not. *See D'Agostino v. Keitel*, No. 18-CV-80460, 2019 WL 5209638, at *6 (S.D. Fla. Sept. 27, 2019); *Anish v. Nat'l Sec. Corp.*, No. 10-80330-CIV, 2014 WL 5034720, at *3 (S.D. Fla. July 3, 2014); *Hartford Acc. and Indent. Co. v. Crum & Forster Specialty Ins. Co.,* No. 10–24590–Civ, 2012 WL 5818138, at *4 (S.D. Fla. 2012).

Finally, counsel billed for filing various documents with the Court. Entries for clerical

or administrative tasks should be excluded. *See Thompson v. Branch Banking & Tr. Co.*, No. 19-CV-60108, 2020 WL 7061558, at *3 (S.D. Fla. Nov. 10, 2020), *report and recommendation adopted,* No. 19-CV-60108-RAR, 2020 WL 7059353 (S.D. Fla. Dec. 2, 2020), *appeal dismissed,* No. 21-10010-J, 2021 WL 1327212 (11th Cir. Feb. 5, 2021); *Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017) ("Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them." (citing *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999)).

### C. Calculation of Lodestar Amount

The Court has carefully considered the deficiencies in Plaintiffs' counsel's billing records, which include deficient billing entries, probable duplication of tasks, and excessive billing, and finds it appropriate to reduce the time billed. "When a district court finds the number of hours claimed is unreasonably high, the court has two choices; it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins*, 548 F.3d at 1350 (citing *Loranger*, 10 F.3d at 783).

Here, the undersigned finds that an across-the-board reduction in hours is appropriate to account for the excessive hours billed and other billing deficiencies. The Court will reduce the hours claimed by 15%, which results in 132.3 hours for Mr. Currier, 13.9 hours for Mr. Payne, and 3.1 hours for Mr. Pincus. Therefore, Plaintiffs are entitled to an attorney's fees award against Defendants in the amount of $58,485.00 ($52,920 for Mr. Currier's billed hours, $4,170 for Mr. Payne's billed hours, and $1,395 for Mr. Pincus' billed hours). This attorney's fees award is in

addition to the $10,900.00 previously awarded to Plaintiffs as the hours claimed in this Motion and previously claimed by Plaintiffs do not overlap.

### III.   COSTS

Plaintiffs are seeking $1,522.20 in costs. [DE 80 at 3]. This includes $817 for fees of the clerk; $235.80 for service of summonses and subpoenas; $449.40 for fees and disbursements for printing, and $20 for docket fees under 28 U.S.C. § 1923. [DE 80-6 at 1].

A prevailing party may recover costs as a matter of course unless the court or an applicable statute directs otherwise. Fed. R. Civ. P. 54(d)(1). Also, through 28 U.S.C. § 1920 Congress delineated recoverable costs under Rule 54, which the court has discretion to award. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440-44 (1987). Because Plaintiffs are the prevailing parties in this matter, they are presumptively entitled to a costs award.

Having carefully reviewed the supporting invoices, that Court finds that Plaintiffs are entitled to recover all of the requested fees pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54, except for the filing fee in state court. Plaintiffs are not permitted to recover fees for filing the complaint in state court and then again for filing it in District court. Thus, the Court will deduct $415 from the costs sought by Plaintiffs. As Defendants have wholly failed to object to the remaining taxable costs and they are supported by documentation, they will be granted. Plaintiffs shall be awarded a total of $1,107.20 in costs.

### IV.   CONCLUSION

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiffs' Verified Motion to Tax Attorney's Fees and Costs [DE 80] is **GRANTED IN**

**PART and DENIED IN PART**.

2. Plaintiffs are entitled to attorney's fees in the total amount of $58,485.00 and costs in the total amount of $1,107.20, for a total award of $59,592.20.

3. A judgment in this amount, along with post-judgment interest, will be separately entered in favor of Plaintiffs and against Defendants.

**DONE AND ORDERED** in Chambers this 11th day of February 2022 at West Palm Beach, Palm Beach County, in the Southern District of Florida.

WILLIAM MATTHEWMAN
United States Magistrate Judge